Charles Wallace **BROOKS**

v.

The **STATE OF TEXAS** et al.

Civ. No. CA 3–1495.

United States District Court
N. D. Texas,
Dallas Division.

July 21, 1966.

---

Adelfa Callejo, William F. Callejo, Dallas, Tex., for petitioner.

Henry Wade, Crim. Dist. Atty., W. John Allison, Jr., and Charles Caperton, Asst. Dist. Attys., Dallas, Tex., for respondent.

## OPINION OF THE COURT

DAVIDSON, District Judge.

We are presented with a petition for writ of habeas corpus to vacate and set aside a judgment of the State court of Texas which has been previously passed upon and approved by the Court of Last Resort in said state.

The writ of habeas corpus is an ancient writ known as the Great Writ.

I will pause at this moment and ask the court reporter to take down the observations that I am now to make, for if I should decide to prepare and write an opinion in this case I may make use of the remarks here made.

 The writ of habeas corpus is a right. It simply says to the custodian of any man, in the form of a writ from a court, "You have a person in your possession, produce him before the court and show why you hold him in custody in restraint of his liberty."

In the beginning of our judiciary, operating under the limitations of our Constitution, we recognized the fact that the State courts were many years the senior of the Federal courts that were then being created and that the closing phases of the Constitution in the Bill of Rights expressly provided that all powers of the State government that had not by the terms of the Constitution been taken from the States were expressly reserved to them under the Tenth Amendment. So until about the year of 1867 we did not encounter this question as coming up between the two jurisdictions.

Justice Frankfurter in his dissenting opinion in the Darr v. Burford case, 339 U.S. 200, 221, 70 S.Ct. 587, 599, 94 L.Ed. 761, said:

"Prior to the Civil War, *habeas corpus* was available in the United States courts, barring limited exceptions, only for those in federal custody. * * * The Act of 1867 opened wide the door to that conflict. It has become intensified during the last twenty years because of the increasing subjection of State convictions to federal judicial review through the expanded concept of due process. * *

"Decisions on matters of procedure within the Court's control ought not be like shifting sand. * * * "

█ This shifting sand or constant variation in the decisions afterwards rendered was due to the recognition of what is known as comity between the courts, comity meaning the courtesy and good manners shown by one court to another.

" * * * an application for writ of *habeas corpus* on behalf of State prisoners has not run smooth. * * Under any circumstances this 'is a very delicate matter that has occupied the thoughts of statesmen and judges for a hundred years * * *' "

Justice Frankfurter probably had in mind that in the past eighteen or twenty years so many decisions have been written on this line that they occupied 86 pages in abbreviated statements in the annotated statutes of the United States. And then Section 2255 which was enacted to relieve some of this work seems really to have accentuated it because in the same period it took 130 pages to cover the abbreviated annotations under this statute, and he could well recognize the presence of the drifting sand.

That petition is as old and great to our law as it has ever been. Now, the question is, is the judgment of the State court void? Another question, would this court have authority to review the judgment of the State court except it be void?

Let us see where it would lead to if we assumed that it is the duty of this court to review the judgments of State courts.

When a man is convicted in the State court, the law provides that he may take an appeal to the Court of Last Resort, and when he has taken that appeal he has the benefit of a three-judge court which passes upon the trial. After that decision is rendered and the State District Court upheld by the Court of Last Resort, then should the trial court of a different jurisdiction undertake to review the trial had in the State court?

A defendant will have the benefit of an appeal from his trial in the State court to a very competent and higher court. If he doesn't like their opinion, then he files for a writ of habeas corpus in a Federal court. And the purpose of that writ of habeas corpus is to secure a review of his case which this court is without authority to give. He calls it a review.

It cannot be a review in the first place because it would subject our jurisdictions, of both State and Nation, to endless confusion, and would be an absurd situation, allowing a man to have two appeals from one conviction. If he was not satisfied with the first court he could carry it to another one.

Now, some think that the United States court, coming from a mightier power than a State court, transcends a judgment of the State court and ought to be able to review the State court judgment. That is error. The States were not created by the Federal Government, the Federal Government was created by the States. The Federal Government was the child of the united effort of Thirteen States. They formed a Federal Government of the States, federalized, acting together in a federation, but not being merged into one sovereign whole.

Let us take a hypothetical case. Let us assume that a man right here in the city, up near the courthouse out in the street commits a felony. It may be a murder or any felony. That case, al-though it is within 60 feet of this courtroom is not brought here, because this court has no jurisdiction.

When the Federal court was created the United States Government was formed by the making and signing of the Constitution in 1787. That was the birth of the national government. The States were much older. Virginia was settled in 1607, 180 years before the Federal Government was established. Massachusetts was settled 160 years before the Federal Government was established. All of the Thirteen States, with the exception of one, were in existence a hundred years before the Federal Government was established. They had within themselves courts in which they tried all these felonies that are now in the State courts, and when we formed a Federal Government these privileges that were being exercised by the State courts were expressly reserved to them.

How and why was that done?

The Colonies were settled by people under different conditions.

As Franklin Roosevelt said, in a discussion of states rights on March 2nd, 1930, "The conditions of each state allow them the right of local self-government. The people have different ideas and different situations confront them. The Federal Government should not interfere with their schools, or their banks, or their social activities."

Such was the view of a Governor of a great state, even though he may have changed his views later. It was a correct statement, and nobody who has championed states rights could state it more accurately.

Now, suppose a man commits a murder. That murderer goes to the State court. Why? Because before the Constitution was written all these States had their courts, and when the Constitution was written the right of the state was not taken from them, and to make sure it was not taken from them they demanded a Bill of Rights, which is a matter that is very sacred to the English-speaking people. In 1689 the throne of

England was tendered to William of Orange, who had married the daughter of the King of England. The King of England had been deposed by the people, and his daughter was installed as Queen and her husband was installed as the King. The people made the couple sign that bill of rights and in the bill of rights it was stated what the King might do and what he might not do.

It was a bill of rights limiting the power of the sovereign government so he could not oppress or tyrannize the people of England.

And so the people of America wanted a bill of rights that would say to the Government, "You shall not tyrannize over the people of the States." Therefore, the Bill of Rights came to apply to all the States, a Bill of Rights similar to that that had been in existence in England.

Thomas Jefferson recognized the importance of a bill of rights. In a letter to James Madison from Paris, France, dated December 10, 1787, he said:

"A bill of rights is what the people are entitled to against every government on earth, general or particular, and what no government should refuse."

The several States were invited to submit a proposed bill. Most of the States readily complied. James Madison, the father of the Constitution, was delegated by Congress to assemble all of the proposed bills of rights and select from them those most apropos.

The first item in the bills of rights set up by these States was identically the same. The same right was to become Article 10 of the Bill of Rights. It is the right we reserve to the States. Therefore, no right of review of a State court was conferred upon the Federal Government.

Now, it is said the Fourteenth Amendment conferred that right. It did not.

Let us take one of the greatest decisions of the greatest mind before the public in the State, Charles Culberson, once Attorney General of Texas, who later went to the United States Senate.

Mr. Reed, Speaker of the House, said he was the greatest lawyer in Congress. He was so recognized before he went to the Senate; he was a practicing lawyer at Jefferson.

There was a case brought in the Federal court. There had been a law passed outlawing the Ku Klux Klan.

A man named LeGrand who lived in that part of the state mistreated a Negro under that regime; his name was Dennis Bolton who lived in Camp County, Texas.

The Federal court indicted LeGrand, to be tried in the Federal court. An Act had been passed authorizing the trial of those cases in the Federal court.

Was it constitutional?

That matter was debated before Judge Wood of the United States Supreme Court, sitting with the United States Circuit Court, in 1880 under the Act passed in 1875, and Senator Culberson debated that before Judge Wood, whose judgment was never questioned by any of his colleagues. He held that the Fourteenth Amendment was not passed to modify the Constitution, or to outline any additional right that the Constitution had, in violation of Article 10, and that the laws that were passed that authorized the trial of LeGrand were void and that the judgment obtained under that law was also void, and that LeGrand should be turned loose and later subjected to trial in the State court only.

That decision was rendered by a good judge, and his judgment was never reviewed by his associates. It was the result of the legal mind of one of the greatest lawyers produced in Texas.

Not only that, but that same legal mind was the son of David B. Culberson, Chairman of the Judiciary Committee of the House of Representatives; recognizing his merit as such, his son, Charles Culberson, was elected to serve as Chairman of the Judiciary Committee of the Senate, both at the same time.

The "old war horse," David B. Culberson, wired his son, "No such victory has

ever been obtained in my day in the courts." That was a decision that held that a law cannot be passed by Congress that would authorize a trial of a man de novo in a Federal court of which the State had reserved jurisdiction.

█ Thus, no man charged with a felony can be arraigned and tried in a Federal court unless it was a violation of a Federal statute itself, such as robbing a post office, et cetera.

The next question is, can his trial be reviewed in this court? As I have said, it would result in a man having two appeals, and the law never contemplated that, and was never enacted with the idea of reviewing the opinion of a Court of Last Resort of a State by a trial judge.

In Darr v. Burford, Warden, supra, we find a case where a petitioner applied to a District Court for habeas corpus without petitioning the Supreme Court in advance.

The Court approved the following statement from previous decisions:

"'Ordinarily an application for habeas corpus by one detained under a state court judgment of conviction for crime will be entertained by a federal court only after all state remedies available, including all appellate remedies in the state courts and in this Court by appeal or writ of certiorari, have been exhausted.'" 339 U.S. 207, 70 S.Ct. 592.

"* * * states have the major responsibility for the maintenance of law and order within their borders, * * *" 339 U.S. 217, 70 S.Ct. 597.

To this decision Judge Frankfurter in part dissented. His dissent is enlightening and of interest. We quote from page 220, 70 S.Ct. 598, containing his dissent:

"The course of our decisions on the power of the lower federal courts to entertain an application for a writ of *habeas corpus* on behalf of State prisoners has not run smooth. There is a reason. This seemingly technical problem of jurisdiction concerns the relation of the United States and the courts of the United States to the States and the courts of the States. * * *"

Quoting him further on the subject of comity between the courts, he says:

"* * * Under any circumstances this 'is a very delicate matter that has occupied the thoughts of statesmen and judges for a hundred years * * *'"

He refers to comity as good manners between the courts.

Five lawyers are of equal rank, each by reputation regarded as a topflight man of the profession. By selection they are called to the bench: Adams as trial judge in the Federal court; Baker as trial judge in the State court; Smith, Jones and Brown become members of Court of Criminal Appeals. Toledo is tried and convicted in State court of cattle theft. And standing condemned in the State courts he turns to the Federal court with a petition for habeas corpus. The Federal District Judge and the four State judges are equal in knowledge of the law, but Judge Adams says to Toledo, "I will set you free. Judge Baker and these appellate judges cannot peer into the record for the truth as I can. They are not endowed with the legal mind to do so as a Federal judge like I can."

No judge would use such words or so conduct himself, but nonetheless when he reviews a case from the State court does he not travel such pathway?

Judge Frankfurter is due our thanks for emphasizing comity; i. e., good manners between judges as between other people.

█ In appealing a case the law says how it shall be appealed. An appeal cannot be effected by a writ of habeas corpus. The writ of habeas corpus is intended and designed only to set men free who are illegally in prison as under void judgments.

Now is this judgment void?

■ A simple error of a State court trial does not make a judgment void.

If just any error makes a judgment void, then the Federal District Court would have jurisdiction over all State appeals by habeas corpus. Confusion must follow. Then defendants would avail themselves of two appeals down parallel channels. If the first does not succeed, maybe the second would.

When the blowing sand has been settled and the rulings of the courts are more definitely stated, we think the following will approach the correct disposition for habeas corpus cases directed against State courts:

■ A Federal District Court may not review the final judgment of a State Court;

It may not reverse and remand a State court judgment;

It may not reverse with instructions;

It may not remand the case to the State court to correct ordinary errors though it was the duty of the State judge to have done so;

It may not reverse where the charges were of merit and should have been disposed of by the State court;

It may not reverse at all;

It can dismiss where the judgment is void;

If the issues tried in the State court do not come within the written law the judgment is void; so

One charged with rape would not be guilty of child desertion or some other offense;

It is now held the denial of counsel renders the judgment void.

View it as we may the United States court may not step into the shoes of the State court as it were and do what it believes the State judge ought to have done.

■ The evidence in this case shows that the defendant had interviewed his attorney three days before the trial. The attorney had an opportunity to gather from that interview what he would need for the trial. And he did not disclose the fact that he needed time to perfect a plea of insanity. The defendant had already been to a psychiatrist and the psychiatrist has said he knew *right* from *wrong*, and that is the test under the Texas law as to whether a man shall be put to trial.

The State courts must retain their original jurisdiction given them by the Constitution.

Since we have no right of review and since the judgment is not void we must deny this petition for a writ of habeas corpus.